KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Email: paul.starita@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ARMANDO REYES-LOPEZ,<br><br>Defendant. | Criminal Case No. 08CR0987-IEG<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION FOR JUDICIAL INQUIRY INTO POTENTIAL ATTORNEY CONFLICT** |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of United States' motion for judicial inquiry into potential attorney conflict.

//

//

//

//

//

//

//

//

**I**

**STATEMENT OF THE CASE**

On April 1, 2008, a federal grand jury in the Southern District of California returned a eight-count Indictment charging defendant MARIO ARMANDO REYES-LOPEZ ("Defendant") with (i) bringing in illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and aiding and abetting, in violation of 18 U.S.C. § 2, and (ii) transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Defendant was arraigned on the Indictment on April 1, 2008, and pleaded not guilty.

**II**

**STATEMENT OF FACTS**

On March 14, 2008, Defendant was arrested for alien smuggling in Imperial County, California. On the same date, Mr. Francisco Javier Gallegos-Zazueta was arrested for importation of marijuana at the Calexico East, California, Port of Entry. Mr. L. Marcel Stewart was subsequently appointed to represent both of these defendants. On April 1, 2008, upon motion by the United States, Magistrate Judge Peter Lewis signed an order dismissing the complaint against Mr. Gallegos-Zazueta, without prejudice, and releasing him from custody. The United States has informed Mr. Stewart that it believes Defendant is a member of or is employed by an organization that smuggles undocumented aliens and narcotics into the United States from Mexico in Imperial County, California. Further, the United States informed Mr. Stewart that, at the time of his arrest, Mr. Gallegos-Zazueta was importing marijuana for the same organization that Defendant is a member of or is employed by to smuggle illegal aliens.

**III**

**MOTION FOR JUDICIAL INQUIRY INTO ATTORNEY CONFLICT**

**A. Potential Attorney Conflicts Must Be Raised And Explored**

The United States has a duty to inform the Court of any potential attorney conflicts promptly, to allow the Court to satisfy its duty to resolve such issues at the earliest possible stage of the proceedings. United States v. Tatum, 943 F.2d 370, 379-380 (4th Cir. 1991) ("[W]hen a conflict situation becomes apparent to the government, the government has a duty to bring the issue to the

court's attention and, if necessary, move for disqualification of counsel. Cf. United States v. Agurs, 427 U.S. 97, 110-111 [...] (1976) [...]"); cf. Fed. R. Crim. P. 44(c).

Here, the United States believes that Mr. Stewart faces a potential conflict of interest in representing Defendant. By letter on April 8, 2008, the United States alerted Mr. Stewart to this potential conflict of interest. See Exhibit 1. This potential conflict stems from the United States' continued investigation of Defendant's case and alien smuggling and narcotics smuggling activities in Imperial County.

Given this potential conflict, the United States has not yet received adequate assurances that this potential conflict is waivable and was waived under circumstances that would survive judicial review. See e.g., United States v. Shwayder, 312 F.2d 1109, 1117 (9th Cir. 2002) (disregarding waiver obtained by defense counsel but never inquired into by court); United States v. Martinez, 143 F.3d 1266, 1269 (9th Cir. 1998). Although Mr. Stewart addressed the United States' concern in a letter dated April 9, 2008 (see Exhibit 2), the United States is compelled to raise this matter with the Court and request that the Court conduct an appropriate inquiry.

**B. Ethics Concerns Take Precedence Over Defendant's Choice of Counsel**

The Sixth Amendment guarantees a criminal defendant "the right ... to have the Assistance of Counsel for his defense." The "essential aim" of the right to counsel "is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). The right to counsel of one's choice is but a corollary to the right to effective representation, "circumscribed" by competing concerns such as the interest "in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id. at 159-160. The Court's interest in maintaining high ethical standards in its bar is an independent and adequate justification for disqualification of an attorney, even in a criminal case. United States v. Snyder, 707 F.2d 139, 145 (5th Cir. 1983). As the Supreme Court stated in Wheat:

> [W]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform within the ABA Code of Professional Responsibility, the Court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from

> future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant['s] comprehension of the waiver.

Wheat, 486 U.S. at 162 (quoting United States v. Dolan, 570 F.2d 1177, 1184 (3rd Cir. 1978)).

**C. The Court Has Broad Discretion In Deciding These Matters**

A defendant's choice of counsel should be given substantial weight, but the Court has broad latitude to exercise its discretion to override defendant's choice. District Court's have "substantial latitude in refusing waivers of conflicts of interest, not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as trial progresses." Wheat, 486 U.S. at 163. Further, "The District Court must recognize a presumption in favor of [defendant's] counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of serious potential for conflict. The evaluation of the facts and circumstances of each case must be left primarily to the informed judgment of the trial court." Id. at 164.

The standards of review thus place more peril in the path of waiver than disqualification; while a court will be reversed for refusal to accept a waiver of a conflict of interest only if it abused its discretion, acceptance of a waiver may result in reversal if the conflict was so grave as to be unwaivable, representing a *per se* violation of the Sixth Amendment guarantee of effective assistance of counsel. See e.g., United States v. Fulton, 5 F.3d 605, 613 (2nd Cir. 1993).

**D. Successive Representation Issue**

Successive representation of conflicting interests strain an attorney's duties of loyalty and confidentiality to succeeding clients. Schwayder, 312 F.2d at 1117. Of particular concern is the possibility that an attorney may use privileged information learned from one client in the service to the next, or just the opposite, fail to pursue a line of inquiry with adequate zeal for fear of misusing confidential information of the former client. Id. at 1118.

When the subject matter of a former representation is "substantially related" to a later representation, California courts "will conclusively presume that the attorney possess confidential information adverse to the former client and order disqualification." Henriksen v. Great American Savings & Loan, 11 Cal.App.4th 109, 114 (1992); see also Schwayder, 312 F.3d at 1118 (finding actual

conflict in defense counsel's former representation of a government trial witness); United States v. Perillo, 205 F.3d 775, 778-780 (5th Cir. 2000) (discussing substantial relationship test; rejecting as "incredible" the attorney's testimony that he had learned no confidential information from representation of former client).

Here, the United States is concerned that this potential conflict could ripen into an actual conflict if Defendant possessed information that implicated Mr. Gallegos-Zazueta in criminal wrongdoing or if Mr. Gallegos-Zazueta possessed information that implicated Defendant in some way.

Accordingly, the United States believes that this potential conflict of interest warrants a specific inquiry into whether the Defendant has knowingly and voluntarily waived his rights to conflict-free counsel, whether any such waiver should be accepted by the Court, and whether Mr. Stewart should be disqualified as counsel.

## IV

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court inquire into the potential conflict of interest in this case .

DATED: April 21, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Paul L. Starita*

PAUL L. STARITA
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
Email: paul.starita@usdoj.gov